UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| CLAY BEAR, | ) | |
| Petitioner, | ) | 3:04-CV-0636-RCJ-VPC |
| vs. | ) | **ORDER** |
| E.K. McDANIEL, *et al.*, | ) | |
| Respondents. | ) | |

On March 6, 2006, the Court entered an Order (docket #17) granting respondents' motion to dismiss and dismissing this habeas corpus action, on statute of limitations grounds. Judgment in favor of respondents was entered the same day (docket #18).

Petitioner, a Nevada prisoner proceeding *pro se*, then filed a Notice of Appeal (docket #19). Petitioner also filed an Application for Certificate of Appealability (docket #20, #21).

The standard for issuance of a certificate of appealability calls for a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). The Supreme Court interpreted 28 U.S.C. § 2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying

> constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir. 2000). The Supreme Court further illuminated the standard for issuance of a certificate of appealability in *Miller-El v. Cockrell*, 537 U.S. 322 (2003). In that case, the Court stated:

> We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.

*Miller-El*, 537 U.S. at 338 (quoting *Slack*, 529 U.S. at 484).

The Court finds that petitioner has not shown that reasonable jurists would find debatable the Court's ruling on the motion to dismiss. It is plain to the Court, in view of the record provided, that this action was not timely filed. Petitioner has never articulated any colorable argument that his petition was filed within the applicable limitations period. Petitioner's arguments to the contrary appear to be based upon a fundamental misunderstanding of the concept of "tolling" of statutes of limitations. In short, the pendency of petitioner's state-court habeas proceedings temporarily halted the running of the limitations clock; the pendency of those proceedings did not restart the limitations clock. Because there appears to be no viable argument that petitioner's habeas action was timely filed, the Court will deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that petitioner's Application for Certificate of Appealability is **DENIED**. The Court declines to issue a Certificate of Appealability.

**IT IS FURTHER ORDERED** that the Clerk shall process petitioner's appeal.

Dated this 29th day of February, 2008.

_____
UNITED STATES DISTRICT JUDGE

(df)